GUIDRY, J.
 

 |2Shamrock Demolition Waste Haulers of Louisiana, LLC (Shamrock) appeals an
 
 ex parte
 
 judgment making a penalty assessment by the Louisiana Department of Environmental Quality (LDEQ) executory. For the following reasons, we remand this matter to the district court
 

 On July 14, 2009, the LDEQ filed an
 
 ex parte
 
 petition, wherein it sought to have a penalty assessment that it issued on May 3, 2007, made an executory judgment.
 
 See
 
 La. R.S. 30:2025(G)(2)(a). In support of its petition, the LDEQ attached a copy of the penalty assessment issued to Shamrock and a copy of the mail receipt showing that the penalty assessment was delivered to Shamrock by certified mail on May 8, 2007. The district court signed a judgment making the penalty assessment exec-utory on July 16, 2009.
 

 Shamrock devolutively appeals the July 16, 2009 judgment, asserting that the underlying penalty assessment was issued in violation of its due process rights. In its brief to this court, Shamrock contends that the LDEQ unfairly sought the executory judgment after falsely misleading the company to believe that it had been granted an adjudicatory hearing before the agency regarding the penalty assessment.
 

 According to La. R.S. 30:2050.3(D), a penalty assessment becomes “a final enforcement action when the period of time for filing a request for an adjudicatory hearing lapses without a request being filed.” The requirements of an adjudicatory hearing are provided in La. R.S. 30:2050.4(A), which states that the respondent to an enforcement action “has the right to an adjudicatory hearing on a disputed issue of material fact or of law arising from a compliance order or a penalty assessment. This right may be exercised by filing a written request with the secretary.” A request for an adjudicatory hearing must be filed within thirty days after notice of |sthe penalty assessment. La. R.S. 30:2050.4(E). It is undisputed that Shamrock timely filed a request for an adjudicatory hearing.
 

 Although the statute states that a respondent has a “right” to an adjudicatory hearing, the statute further provides that the secretary of the LDEQ may deny a request for an adjudicatory hearing either expressly or by simply failing to act on the request within thirty days of it being filed. La. R.S. 30:2050.4(E), (G)(2) and (3). In the event a request for adjudicatory hearing is denied, either expressly or by inaction, the statute provides that “the applicant seeking de novo review of the secretary’s decision shall, within thirty days after the expiration of the time period provided in Subsection E [for the secretary of the LDEQ’s response], file an application for de novo review of the secretary’s denial in the Nineteenth Judicial District Court for the parish of East Baton Rouge.” La. R.S. 30:2050.4(G)(3).
 

 The LDEQ, in its brief to this court, asserts that “the secretary neither granted nor denied the request for adjudicatory hearing within the 30 days as provided in the statute,” and thus, according to the provisions of the La. R.S. 30:2050.4(G)(3), Shamrock’s recourse was to timely file an application for de novo review of the denial in the Nineteenth Judicial District Court. Shamrock, however, asserts in its brief that LDEQ employees communicated to it that an adjudicatory hearing had been granted by the secretary.
 

 It is observed that La. R.S. 30:2050.4(E) states that “the secretary shall
 
 notify
 
 the
 
 *449
 
 person requesting an adjudicatory hearing that the request has been granted or denied.” (Emphasis added.) The statute does not state in what manner a person is to be notified, other than to state that if a person is not notified within thirty days that the request has been granted or denied, the request shall be deemed denied.
 

 As this matter comes before us pursuant to an
 
 ex parte
 
 judgment, wherein the district court was required to grant the relief prayed for and issue a judgment without a trial de novo of the facts supporting the order,
 
 see
 
 La. R.S. |430:2025(G)(2)(c), the record before us does not contain any information regarding communications between the parties, other than the allegations of the LDEQ’s
 
 ex parte
 
 petition and the exhibits attached thereto. Pursuant to this court’s authority under La. C.C.P. art. 2164, we believe justice requires that we remand this matter to the district court to hold an evidentiary hearing on whether LDEQ employees communicated to Shamrock that it had been granted an adjudicatory hearing. If the district court determines that such communications were made to Shamrock and that Shamrock reasonably relied on such communications, then the district court is ordered to set aside the July 16, 2009 judgment and remand the matter to the LDEQ to hold an adjudicatory hearing on the penalty assessment.
 

 REMANDED WITH INSTRUCTIONS.
 

 PETTIGREW, J., agrees and assigns additional reasons.
 

 CARTER, J., concurs.
 

 PETTIGREW, J.,
 

 Agrees and Assigns Additional Reasons.
 

 Li agree with the majority. I acknowledge and am aware of La. Civ.Code arts. 9-13, on the interpretation of laws. It is my humble opinion that La. R.S. 30:2050.4 is very poorly written and appears to be a trap for the unwary. It contradicts itself in several areas.
 

 Subparagraph A appears to grant the respondent “the right to an adjudicatory hearing,” while in subparagraph E, the secretary is given the discretion to either grant or deny the hearing. In subpara-graph E the statute provides, “the secretary shall notify the person requesting an adjudicatory hearing that the request has been granted or denied.” The word “shall” in legal terms is generally mandatory. La. R.S. 1:3; La.Code Civ. P. art. 5053. Then in subparagraph G, it states that if the secretary does not comply with subparagraph E, the applicant shall, within 30 days thereafter be entitled to file an application for a
 
 de novo
 
 review of the secretary’s action, in the 19th Judicial District Court, for the Parish of East Baton Rouge.
 

 Apparently, when the statute mandates that the secretary do something or when it grants a right to a citizen, it does not really mean it. I find the statute obtuse. It should be rewritten or amended. I am of the humble opinion that Art. 1, §§ 2 and 22 of the Constitution of the State of Louisiana of 1974 require this remand to the district court.